### Sewell S. Parker v. Sarah E. Sampson.

I. Cause not Appealable Where a Personal Judgment is Proper and is Asked and Obtained.

The rule that a case is not appealable to the circuit court where, under the allegations in his petition, the plaintiff would be entitled to and he asks and obtains personal judgment

for the amount due upon the note secured by mortgage as well as a foreclosure of the mortgage, applies in a case where the personal judgment includes the amount of taxes on the mortgaged property paid by the plaintiff to protect his lien, and also the amount of the principal of the note, though the same had not matured by its own terms, but by reason of the terms of the mortgage had fallen due for the nonpayment of installments of interest.

Whether in such case the personal judgment for the full amount of the note is proper, *query*.

2.  EFFECT OF MOTION FOR A NEW TRIAL ON PERFECTING APPEAL.

The filing of a motion for a new trial, which is not disposed of by the court until some time after it is filed, does not extend the time for giving notice of appeal, or for giving bond therefor.

BENTLEY, J. (orally).

There is a motion to dismiss appeal in the case of *Sewell S. Parker* v. *Sarah E. Sampson.* The motion is based upon the ground, first, that the case itself is not an appealable one; and secondly, that the steps provided by the statute for perfecting an appeal were not followed. We think the motion is well taken upon both grounds, being an action upon a note and mortgage and to recover a certain amount that the plaintiff claims to have paid for the defendant by way of taxes upon the premises. When the action was begun, the note itself, by its terms, was not due as to the principal. It was given, I think, in 1892, and by its terms ran three years; but the interest was payable semi-annually and an action would arise in favor of the holder of the note for each installment of interest as it became due and was unpaid. There was a provision in the mortgage that in case the taxes upon the premises were not paid as they became due, or in case any installments of interest upon the note were not paid as they fell due, the holder of the note and mortgage might proceed to collect the entire indebtedness.

The petition alleges that the taxes had not been paid as provided; that several installments of interest upon the note had become due and were unpaid, and the prayer was that personal judgment for the full amount of the note and the interest and also for the money that had been advanced to pay the taxes might be rendered.

Personal judgment was rendered for the amount advanced by the plaintiff for taxes and for the full amount of the note and an order to foreclose the mortgage was entered.

It may be that under the authorities, the amount of the personal judgment was too large. It is not necessary for us to decide that. There are authorities which would indicate that it was too large, namely—that the personal liability upon the note must be determined by the terms of the note itself, and that the provision in the mortgage that the whole indebtedness should become due upon default in paying the interest and taxes, was simply a provision affecting the foreclosure of the mortgage, and not giving a legal claim for personal judgment for the full amount of the note.

However that may be, the plaintiff was entitled to a personal judgment for some amount. He had a judgment for too large an amount possibly, but he was entitled at least to a personal judgment for some amount and foreclosure of the mortgage.

Under the authorities which I need not take time to call attention to now, beginning with the case of *Ladd* v. *James*, in the 10th Ohio St., we conclude that this presents a case that is not appealable.

As to the other matter. The judgment was rendered and decree entered on the 14th of February. The notice that the party would appeal the case to this court was entered upon the 19th of March. The appeal bond was in fact given sometime, I think, after the middle of May. It is true, the party, after the rendition of the judgment, filed a motion for a new trial and that was continued along and not disposed of until perhaps in May; but we think that that does not extend the time for the giving of notice of the appeal, or for the giving of the bond for an appeal.

Under the statute as it now stands—the statute of 1892, the notice must be entered upon the records within three days from the entering of the decree and a bond must be filed within thirty days from the rendition of the decree, or the entering of the decree. Neither of these statutory requirements having been complied with, the appeal was not perfected. For these reasons, the appeal will be dismissed.